TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC#475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

DEC 06 2023

GARY P. SERDAR
CLERK OF COURT
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00304-TC |
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| RODNEY G. MOGEN, | Judge Tena Campbell |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.     As part of this agreement with the United States of America ("United States"), I intend to plead guilty to Counts 2 and 7 of the Indictment. My attorney has explained the nature of the charges against me, and I have had an opportunity to discuss the nature of the charges with my attorney. I understand the charges and what the United States is required to prove to convict me.

The elements of Count 2, Forging the Signature or Seal of Judges or Court Officers, in violation of 18 U.S.C. § 505 are:

*First*: the defendant forged the signature of any judge, register, or other officer of any court of the United States, or forged or counterfeited the seal of any such court, or knowingly concurred in using a forged or counterfeited signature or seal; and

*Second*: the defendant did so for the purpose of authenticating any proceeding or document.

The elements of Count 7, False Personation of an Officer or Employee of the United States, in violation of 18 U.S.C. § 912 are:

*First*: the defendant falsely assumed or pretended to be an officer or employee of the United States or any department, agency, or officer thereof;

*Second*: the defendant acting as such falsely assumed or pretended officer or employee of the United States or any department, agency, or officer thereof; and

*Third*: the defendant knew that such assumption or pretension was false.

2.  I know that the maximum possible penalty provided by law for Count 2 of the Indictment, a violation of 18 U.S.C. § 505, is a term of imprisonment of 5 years, a fine of $250,000, and a term of supervised release of 3 years. I know that the maximum possible penalty provided by law for Count 7 of the Indictment, a violation of 18 U.S.C. § 912, is a term of imprisonment of 3 years, a fine of $250,000, and a term of supervised release of 1 year. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

   a. Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013.

   b. I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.  I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4.  I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.  I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.  I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

   a. I have a right to the assistance of counsel at every stage of the proceeding.

  b. I have a right to see and observe the witnesses who testify against me.

  c. My attorney can cross-examine all witnesses who testify against me.

  d. I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the United States will pay them.

  e. I cannot be forced to incriminate myself, and I do not have to testify at any trial.

  f. If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

  g. The United States must prove each and every element of the offense charged against me beyond a reasonable doubt.

  h. It requires a unanimous verdict of a jury to convict me.

  i. If I were to be convicted, I could appeal, and if I could not afford to appeal, the United States would pay the costs of the appeal, including the services of appointed counsel.

7. If I plead guilty, I will not have a trial of any kind.

8. I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence. However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9. I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10. I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

> I maintain a personal residence in Park City, Utah. This residence is located in the Victorian Village community of condominiums. From at least on or about January 2019 and continuing through June 2022, I was in a dispute

with the Victorian Village Homeowners Association (VVHOA). I was also in a dispute with the property management company, that served as the property management company for VVHOA.

As to Count 2, in or around May 2021, I created a letter document dated May 3, 2021, bearing the seal of the United States District Court for the Western District of Texas, and purporting to be issued by the "U.S. District Clerk's Office". The letter document is titled "Motion of Summary Judgement" and sets forth certain evidence that I allegedly presented to the United States District Court for the Western District of Texas. The letter document sets forth a number of monetary judgements alleged owed to me by VVHOA, the property management company, the law firm representing VVHOA, and another individual. The letter document contains both a printed signature line and handwritten signature purporting to be signed by United States Magistrate Judge Andrew Austin. I forged the signature of Magistrate Judge Andrew Austin. I copied from a website the seal of the United States District Court for the Western District of Texas and pasted the copied seal on the letter document. I did all of this for the purpose of authenticating the letter document so that I could use it in my dispute with VVHOA and others.

As to Count 7, in or around April 2021, I created a letter document bearing the United States Postal Service symbol at the top of the letter. The letter document identifies certified mail that I allegedly sent to three entities during the time period February 2019 through February 2021. The letter document further states that the property management company never sent any mail to me and only one piece of mail was sent by the law firm representing VVHOA. The letter document bears a printed signature line and handwritten signature for "Tam Nguyen – Postmaster Lake Travis Post Office.". I created the document pretending to be a Postmaster named Tam Nguyen in which Tam Nguyen was acting in his capacity as a Postmaster. I knew I was not a US Postmaster when I drafted and signed the letter stating a search of mailings was conducted. I did this so that I could submit and use the letter document in my dispute with VVHOA and others. I acknowledge that a Postmaster of the United States Postal Service is an officer or employee of the United States, or any department or agency thereof.

I admit that my conduct violated 18 U.S.C. §§ 505 and 912.

12.   The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

   a. **Guilty Plea.** I will plead guilty to Counts 2 and 7 of the Indictment.

  b. **Dismissal of Counts.** The United States agrees to move for leave to dismiss Counts 1 and 3-6 of the Indictment at the time of sentencing.

  c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

  d. **Acceptance of Responsibility.** The United States agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the United States agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

  e. **Appeal Waiver.**

    (1) Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute of conviction as set forth in paragraph 2 above; and (2) a sentence above the high-end of the guideline range as determined by the district court at sentencing, or, in the event that no such determination is made by the district court, a sentence above the high-end of the guideline range as set forth in the final presentence report. I also knowingly, voluntarily, and expressly waive any argument (1) that the statute(s) to which I am pleading guilty is/are unconstitutional or (2) that my admitted conduct does not fall within the scope of the statute(s).

    (2) I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, and my conviction, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel. This waiver includes any motion for modification of my sentence under 18 U.S.C. § 3582(c)(2).

    (3) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the United States' right to appeal my

sentence pursuant to 18 U.S.C. § 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(4) I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's sentencing authority, including, but not limited to: (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

f. **Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.

g. **Presentence Report and Financial Information.** I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release. I also consent to allowing the United States Attorney's Office to run a credit check on me. I consent to being placed on the Treasury Offset Program and State Finder.

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

* * * *

I make the following representations to the Court:

1. I am 47 years of age. My education consists of Doctoral. I _____ [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the United States; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the United States and I cannot have terms of this plea agreement that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

6

4. Neither my attorney nor the United States has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this _____ day of _____, 2023.

_____
RODNEY G. MOGEN
Defendant

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this _____ day of _____ 2023.

_____
PATRICIA GEARY GLENN
Attorney for Defendant

      I represent that all terms of the plea agreement between the defendant and the United States have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

      DATED this 4th day of December, 2023.

                                      TRINA A. HIGGINS
                                      United States Attorney

                                      */s/ Jennifer K. Muyskens*
                                      JENNIFER K. MUYSKENS
                                      Assistant United States Attorney