TRINA A. HIGGINS, United States Attorney (#7349)
JENNIFER K. MUYSKENS, Assistant United States Attorney (DC #475353)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: Jennifer.Muyskens@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:23-cr-00304-TC |
| Plaintiff, | UNITED STATES' MEMORANDUM IN AID OF SENTENCING |
| vs. | |
| RODNEY MOGEN, | Judge Tena Campbell |
| Defendant. | |

The United States of America, by and through the undersigned Assistant United States Attorney, hereby respectfully submits this Memorandum in Aid of Sentencing in this case.

The United States respectfully requests that the Court adopt the Presentence Report as prepared by the Probation Officer (ECF 27), and further requests that the Court impose a sentence of forty-eight (48) months of supervised probation, to include a six (6) month period of home detention. The United States notes that the six-month period of home detention is slightly below the bottom of the advisory Guidelines range, but the probationary sentence with a period of home confinement is consistent with the advisory guidelines. The United States submits that the requested sentence is appropriate given the facts of this case – to include the totality of the defendant's criminal conduct; the defendant's acceptance of responsibility; and the need to ensure

the defendant does not engage in similar conduct in the future. The United States further submits

that the requested sentence comports with all relevant factors under 18 U.S.C. § 3553(a).

**I**

**RELEVANT FACTS**

The Defendant was involved in a years-long dispute with his homeowners' association

("HOA") regarding assessments owed to the HOA and the Defendant's views/beliefs about the

actions of the HOA and its board members. During the course of the dispute, and in spite of the

HOA's efforts to obtain counsel to resolve the escalating dispute, the Defendant sent to the HOA

documents purporting to be issued by two federal judges in the United States District Court for the

Western District of Texas; three documents purporting to be signed and issued by a federal clerk

of court of the same court; a document purporting to be signed by a U.S. Postmaster; documents

purporting to be issued by a medical professional; copies of checks purporting to be signed by a

property management company; and documents purporting to be from a financial institution. The

investigation revealed that each of the documents is fraudulent, false, and/or contain forged

signatures or seals.

The Defendant's actions in this case were not an impulsive act, or one-time event. The acts

took planning and preparation. He created fake documents with fake seals and signatures. The two

documents purporting to be issued by two federal judges were dated May 2021. The three

documents purporting to be signed by a federal clerk were dated November 2021. The document

purporting to be issued by a U.S. Postmaster is dated April 2021. The Defendant continued to send

and reference some of these documents in a June 2022 email to the HOA's property management

company in which he demands millions of dollars and uses the fake federal judgments and orders

as support for his demands. When confronted by law enforcement in 2023, the Defendant gave a series of denials and lies about the documents and his involvement in them. The facts demonstrate that the Defendant repeatedly lied and repeatedly engaged in criminal behavior.

## II

## SENTENCING DISCUSSION

The United States believes that the Probation Office correctly calculated the sentencing guidelines in this case, as reflected in the PSI at paragraphs 29-53, 78. Given that the Defendant has no criminal history, the applicable advisory sentencing guideline range is 8-14 months, and a sentence other than a sentence of imprisonment, in accordance with USSG § 5C1.1(b) or (c)(3), is generally appropriate under the advisory guidelines.  (PSI, ¶¶ 78-79).

The United States submits that, when considering all relevant factors under 18 U.S.C. § 3553(a), an appropriate sentence here is forty-eight (48) months probation, to include a six (6) month period of home detention, with a special condition of probation to include a mental health evaluation and treatment. The United States further requests that the Court impose a fine of $10,000 and a term of community service as a condition of probation.

### A.  Nature and Circumstances of the Offense

As set forth above and in the PSI, the Defendant's criminal acts were not a one-time, impulsive event. The Defendant engaged in a course of conduct that is disturbing. He took the time to create fake documents purporting to be issued by a federal court. He took the time to copy and paste the seal of a federal court on the documents. He took the time to identify the names of federal judges and a federal clerk to put on the documents. He created fake documents on multiple occasions and continued to cite to and rely upon those documents a year later, even after his HOA

had retained counsel. When confronted with the fake documents and lies by law enforcement in 2023, the Defendant continued to lie, blaming his HOA and others for the fraud. The United States's concern in this case is that, but for the indictment, the nature and circumstances of the case reflect that the Defendant was not capable of stopping his criminal behavior on his own. The United States acknowledges that, after indictment, the Defendant accepted responsibility. The United States believes the sentencing guidelines appropriately factor in the credit earned by the Defendant for this acceptance of responsibility. A significant period of probation, to include a six month period of home detention, is appropriate given the nature and circumstances and duration of the Defendant's criminal acts.

### B.  History and Characteristics of the Defendant

The Defendant has no criminal history. As such, the sentencing guidelines give the Defendant additional benefits by reducing his overall offense level as a Zero-Point Offender. This greatly reduces the Defendant's exposure at sentencing under the guidelines. The United States believes that the Defendant's lack of criminal history is more than factored in by the advisory sentencing guidelines.

The Defendant is self-employed and he self-reports a number of positive characteristics and other history that may support a variance from the guidelines. However, it is the self-reporting and unverified nature of much of this information that concerns the United States, particularly when the crimes at issue involve a lack of veracity. Based on the criminal conduct in the case, and the Defendant's self-reporting of certain issues, the United States believes that a lengthy probationary sentence with mental health evaluation and treatment as a condition is necessary to ensure that the Defendant's mental health needs are met and to provide supervision and structure

to an individual who has demonstrated that, when left to his own devices, he is not able to comply with the law. A significant period of supervised probation with a mental health evaluation and treatment is appropriate given the history and characteristics of the Defendant.

### C.  The Sentence Reflects the Seriousness of the Offense

The Defendant faked federal court documents and a letter from a U.S. Postmaster. He not only forged the seal of a federal court, he also signed the documents purporting to be two different federal judges, a clerk of a federal court, and a U.S. Postmaster. He did all of this because he was involved in a financial dispute with his HOA. These are serious offenses. The requested sentence, to include a lengthy period of supervised probation and a period of home detention, appropriately reflects the seriousness of the crime.

### D.  The Sentence Promotes Respect for the Law

To promote adequate respect for the law, the defendant's punishment should include not only a lengthy period of supervised probation, but also a period of home detention. The requested sentence accomplishes that purpose.

### E.  The Sentence Provides Just Punishment

The seriousness, frequency, and duration of the Defendant's criminal acts and deceit warrant a lengthy period of supervised probation and a period of home detention to provide just punishment. The requested sentence, to include a period of home detention, is slightly below the advisory guideline range and strikes the proper balance of providing adequate punishment without being overbearing.

### F.  The Sentence Affords Adequate Deterrence to Criminal Conduct

The need for deterrence here is two-fold: to deter the Defendant from future offenses, and to deter the general public from considering similar crimes.

Given the facts of this case – which involve the Defendant taking multiple steps, on multiple occasions, to fake and to use fraudulent documents, including documents purporting to be issued by a federal court -- the United States believes that the requested forty-eight (48) months of supervised probation, to include a six month period of home detention, is appropriate to deter the Defendant from future offenses.  Further, the United States submits that lengthy period of supervised probation will provide the Defendant with the structure and oversight that it appears he needs to be a law-abiding citizen.

The United States further believes that the requested sentence and collateral consequences of this case should deter others from committing similar offenses.

### G.  The Sentence Protects the Public from Further Crimes of the Defendant

As noted above, the Defendant committed multiple criminal acts over a multi-year period. Even after confronted by law enforcement, the Defendant continued to lie and to deny his criminal conduct. Only after he was indicted did the Defendant appear to begin to understand the gravity of the situation. That said, the PSI does not include much information from the Defendant (or his wife) that the Defendant truly appreciates the wrongfulness of his conduct or will modify his behavior in the future. This gives the United States significant concern. The Defendant is an educated man, but his behavior in this case belies his education, his purported life experiences, and common sense. A lengthy period of supervised probation is needed to protect the public as the Defendant has not yet demonstrated he is able to remain law abiding without oversight.

**H.  The Sentence Can Provide Correctional Treatment and Educational Training**

The United States is not seeking a sentence of custodial imprisonment; accordingly, this factor is not applicable to the requested sentence.

**I.  The Sentence Avoids Unwarranted Sentencing Disparities**

The requested sentence comports with the sentencing options under the advisory guidelines, and the requested period of home detention is only slightly below the applicable guidelines range. As such, the requested sentence should avoid any unwarranted sentencing disparities.

**III**

**<u>CONCLUSION</u>**

Based on the foregoing, the United States recommends that the Court sentence the defendant to forty-eight (48) months of supervised probation, to include a six (6) month period of home detention, with a special condition of probation to include a mental health evaluation and treatment. The United States further requests that the Court impose a fine of $10,000 and a term of community service as a condition of probation.  As set forth above, this sentence would be sufficient, but not greater than necessary, to punish and deter the defendant and others.

Dated: March 11, 2024

Respectfully submitted,

TRINA A. HIGGINS
United States Attorney

*s/ Jennifer K. Muyskens*
JENNIFER K. MUYSKENS
Assistant United States Attorney

7
