Patricia Geary Glenn #5280
PATRICIA GEARY GLENN
Attorney at Law, P.C.
PO Box 982463
Park City, Utah 84098
Telephone: (307) 699-0709
pgearyglenn@gmail.com

*Attorney for Rodney G. Mogen*

IN THE UNITED STATES DISTRICT COURT
STATE OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>RODNEY G. MOGEN<br>Defendant. | DEFENDANT'S SENTENCING MEMORANDUM<br><br><br>Case No. 2:23-CR-00304<br><br>Judge Tena Campbell |

    Defendant, Rodney G. Mogen, through undersigned counsel, submits this Sentencing Memorandum to assist the Court in this case.

    Mr. Mogen respectfully requests that the Court impose a sentence other than imprisonment as is generally appropriate in accordance with the adjustment for Zero-Point Offenders under USSG §4C1.1 and his applicable guideline range in Zone B as set forth in the Presentence Report. USSG §5C1.1 comment, n. 10. The atypical circumstances of this case, Mr. Mogen's background and lack of criminal history, his current non-profit community service and extensive work travel support a variance from the guidelines to a sentence of 36 months straight probation without home detention.

## **PREFACE**

    What began as a dispute with neighbors over Mr. Mogen and his wife, Myrta's service dogs, Dude, Supply & Demand - escalated to a feud with his home owners' association about assessments - and culminated in his being charged with serious federal offenses. Mr. Mogen is highly educated,

1

highly functioning, highly regarded professionally by his peers in the financial industry and personally by his friends and the communities where he lives and is a "wonderful person" to his wife Mryrta.

By way of an explanation - the Court need only read the documents that constitute the charges to which Mr. Mogen immediately accepted responsibility - pleadings that are irrational and unintelligible on their face. The documents Mr. Mogen created - impersonating a United States Post-Master [who doesn't exist] and forging the names and seals of federal judges in Texas - whether relying on the Treaty of Guadeloupe as authority for that state's sovereign status or spelling judg[e]ment - do not reflect the work product of a man with numerous doctorates. *Motion for Injunction,* U.S. District Clerk's Office, attached as Exhibit A.

Instead, they are indicative of a man who was experiencing a complete break with reality - brought on by the HOA's attack on his reputation, his family and his home [non-judicial foreclosure] - triggered by adverse childhood events involving the extreme physical and emotional abuse inflicted by his father and his diagnosed disabilities, ADHD and Autism. Mr. Mogen doesn't stand before the Court convicted of failing to pull off this forgery caper for financial gain - he humbly appears as a man bowed by his own human vulnerabilities attributable to the trauma he has experienced and its long-lasting damage.

The extensive trauma Mr. Mogen endured manifested itself in the HOA dispute in the form of all the puffing in fake pleadings supports a variance based on the significantly reduced mental capacity that clearly contributed substantially to the commission of these offenses. Mr. Mogen has been in therapy for a year as a consequence of the HOA dispute, recognizes the extremes he resorted to in mounting a response, and readily agrees with the proposed condition of probation of continuing mental health treatment. Mr. Mogen's therapist, Larry Barber, specializes in trauma and

provides both an assessment to the Court that speaks both to the cause of his criminal conduct and any concern of future occurrence. Mr. Barber points to triggers involved in connection with the HOA dispute that "brought him back to his trauma and he pushed back in a very illogical way" and concludes "this situation does not represent his normal actions and is truly a traumatic response." Letter, Larry Barber, attached as Exhibit. B. Addressing the potential for Mr. Mogen repeating this conduct, Mr. Barber states "he will not repeat these events as he recognizes his triggers" and the wrongfulness of his actions and "has built tools and systems to respond differently." *Id*.

Mr. Mogen did not engage in criminal conduct because he was involved in a financial dispute with his HOA over assessments - his response was borne of trauma. When the HOA questioned his veracity, impugned his reputation, disparaged his wife, threatened foreclosure on his home - he retreated to the shame and embarrassment he experienced with the physical abuse inflicted by his father. There was no financial motive or intent - he fought back with his only weapon - intelligence - which failed him entirely.

The facts in this case are not in dispute - the narrative is skewed by the lens through which the Government and the Court views them in considering the relevant factors under 18 U.S.C. §3553(a). The Government has blinders on to the truly traumatic response by Mr. Mogen to a commonplace HOA dispute - seeing only the title of two federal convictions and a retributivist approach to punishment and seeking deterrence of the irrational. Mr. Mogen asks the Court to take the broader view and accept the therapeutic explanation provided by Larry Barber in imposing sentence.

**CONSIDERATION OF SENTENCING FACTORS**

*Nature and Circumstances of Offense*

No doubt the nature of the charges - creating documents pretending to be issued by a federal court

3

are extremely serious - tempered only by their lack of sophistication.  The fake documents speak for themselves to the entirely unusual circumstances in connection with the commission of these offenses.  Mr. Mogen is in therapy and receiving mental health treatment from a therapist who assures the Court his behavior will not be repeated.  This is not a case where a longer period of probation is better - it is a situation where less is more.  A sentence of 36 months probation should prove sufficient when served simultaneously with mental health treatment.

*History and Characteristics of Mr. Mogen*

Mr. Mogen's Zero-Offender status coupled with his personal and professional achievements i.e. Doctorate in Business Administration, Masters in Economics, Certified Business Planner Consultant, Accredited Asset Manager Specialist [to name a few] and the three non-profits he runs with his wife aimed at Autism, disabilities and domestic violence i.e. *New Day's Journey, Second Chance, and Ladies Night Out* - strongly support a variance from the advisory guidelines.  The instant offenses and the special circumstances leading to them do not demonstrate a disregard or inability on Mr. Mogen's part to abide by federal laws - they are an aberration in his otherwise law-abiding background.

*Seriousness of the Offenses and Respect for the Law*

These offenses are extremely serious - if viewed in a vaccum.  They were charged because they could be without regard to the highly and readily apparent atypical circumstances.  The Court does not run the risk that Mr. Mogen is getting away with committing serious federal crimes because the sentence imposed is probation.  The sentence of probation signals that Mr. Mogen is accountable for his actions - however illogical.   Straight probation promotes just as much respect for the law as a sentence that imposes home confinement.

4

*Just Deserts, Deterrence, Protection of the Public*

If the Court were to fashion a sentence that is appropriately tailored to Mr. Mogen's commission of these offenses - the fact that he has already lost his federal contracts and licenses and now appears in his familiar arena as an outlier - more than adequately serves the Government's call for retribution.   To deprive him of his livelihood completely is not proportional to the offenses.

Same goes for special deterrence: Mr. Mogen has learned the consequences of his unchecked responses - a lengthy period of probation won't add to the disgrace and remorse he is experiencing. And the general public is not going to take heed of what can happen to them should they experience a total break with reality triggered by childhood trauma.  To impose a shorter period of straight probation will not send the message to the general public: you too can resort to these methods of dealing with non-judicial foreclosure and a fight over HOA assessments.  The public does need to be protected from Mr. Mogen - he has taken the necessary steps to be protected from himself.

## **CONCLUSION**

For the reasons above, Mr. Mogen requests the Court impose a shorter sentence of probation, without home detention and community service.  Mr. Mogen's work as a financial strategist requires constant and significant travel to speaking engagements across the country and he is deeply involved in community service through his three non-profits.  *List of Travel and Speaking Engagements*, attached as Exhibit C.

DATED March 13, 2024.

/s/Patricia Geary Glenn
_____
Patricia Geary Glenn
*Attorney for Rodney G. Mogen*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March, 2024, a true and correct copy of the foregoing DEFENDANT'S SENTENCING MEMORANDUMwas electronically filed with the Court to be served upon all counsel of record via e-file notification:

Jennifer K. Muyskens
Assistant United States Attorney
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Tel. 801-524-5682

                                                  /s/Patricia Geary Glenn
                                                 Patricia Geary Glenn

6